UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                   <u>ORDER</u>

ANTHONY FORD,                          14-CR-476-7 (CS)

                    Defendant.
-------------------------------------------------------x

<u>Seibel, J.</u>

Before the Court is Defendant Anthony Ford's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 486), and the Government's opposition thereto, (Doc. 488).[1]

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

---

[1] Defendant also requests release to home confinement, but it is the Bureau of Prisons ("BOP"), not the Court, that can order such relief.  *See* U.S.C. § 3624(c); CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).  Defendant states that BOP, in denying his application for home confinement, noted the violence of his offenses, but that his offense of conviction – racketeering conspiracy – is not a crime of violence, citing *United States v. Davis*, 139 S. Ct. 2319 (2019).  (Defendant also cites *United States v. Applins*, 673 F.3d 59 (2d Cir. 2011), but the Court did not see anything relevant in that decision.)  (Doc. 486 at 3.)  While § 3624(c) does not provide for an appeal to this Court of the BOP's decision, I nevertheless advise Defendant that under *Davis*, racketeering conspiracy is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3), but there is nothing in that case, or elsewhere in the law of which I am aware, that prevents BOP, in making a home-confinement decision, from looking at the facts underlying a racketeering conspiracy conviction to see if the inmate committed acts of violence – as Defendant repeatedly did in this case.

defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant suggests that he fits within the fourth category, based on the risks to people with asthma posed by the corona virus and the fact that the mother of his child is "incapacitated" because she has three children for whom she cares.  (Doc. 486 at 2.)  According to the most recent information from the Centers for Disease Control ("CDC"), moderate to severe asthma *might* be a risk factor for a severe case of COVID-19, but Defendant does not claim to have a moderate to severe case, nor do his medical records show that he does.  To the contrary, his medical records show that his asthma is intermittent and well controlled by an inhaler he uses when necessary, and that as of October 1, 2018, he had not had an asthma attack in over a year.  Further, Defendant is housed at FCI Allenwood, which has not had any inmate cases of COVID-19.  Defendant's mild case of one condition that might put him at increased risk, in a facility where the virus has not gotten a foothold, does not amount to an extraordinary and compelling circumstance.  Nor does the fact that Defendant's imprisonment has left his child's mother to raise the child alone.  That unfortunate situation is almost always present when a parent goes to prison.  Nor is there any indication that the child's mother cannot handle three children or is failing the child in any way. Thus, I find that the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors.  Defendant's offense was serious.  He was sentenced to 108 months' imprisonment for his involvement in a violent gang that caused major harm to the community.  He participated in three shootings, during two of which he personally discharged a firearm.  At the time he was sentenced, he had six prior convictions, two of which were for felonies and three of which involved a weapon or violence, and he had had two orders of protection issued against him.  It would undermine several of the 3553(a) factors to release Defendant to home now, when he has served approximately 68 months of his sentence.  Doing so would not sufficiently reflect the seriousness of the offense or address Defendant's lack of respect for the law; would introduce unwarranted sentencing disparities; would not sufficiently deter Defendant and others; and would not sufficiently address the need to protect the public from further crimes of Defendant.  Accordingly, on balance, even if Defendant had shown extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

The motion is therefore denied.  The Clerk of Court is respectfully directed to terminate Doc. 486 and to send a copy of this Order to Anthony Ford, No. 71756-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA  17887.

Dated: August 25, 2020
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

3